UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiffs,**
v.

                                                                                    **Case No.: 8:18-mc-79-33AAS**

**3M COMPANY,**

    **Defendants.**
_____/

## ORDER

The United States requests an order quashing a subpoena served by 3M Company (3M) on Department of Veterans Affairs employee Dr. Leslie Schulman, in connection with a products liability action pending in the United States District Court for the Northern District of Florida. (Doc. 1). In response, 3M moves to transfer the motion to quash to the Northern District of Florida. (Doc. 3). The United States does not oppose the transfer but responds "to correct the erroneous assumptions underlying the request." (Doc. 7, p. 2).

Rule 45(f) permits the court where compliance is required to transfer a subpoena-related motion to the issuing court "if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation," such as when "the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments). 3M anticipates issuing over ten

1

similar subpoenas to federal employees in multiple districts in connection with the multi-district litigation pending in the Northern District of Florida. (Doc. 3, pp. 3–4). In addition, 3M and the United States have litigated other discovery disputes before United States District Judge M. Casey Rodgers and United States Magistrate Judge Gary R. Jones as part of the same multi-district litigation pending in the Northern District of Florida. (*See* Doc. 3, Exs. E-G). Indeed, Judge Rodgers appointed Special Master Judge David Herndon (ret.) to coordinate government discovery issues. (*Id.*, Ex. D).

The court considered the Unites States' response to the 3Ms motion to transfer. Because the balance of interests weighs in favor of transfer and the United States does not oppose the transfer, the request to transfer is due to be granted.

Accordingly, 3M's Motion to Transfer (Doc. 3) is **GRANTED**. The Clerk is directed to transfer the Unites States' Motions to Quash (Doc. 1) to the Northern District of Florida and close this case.

**ORDERED** in Tampa, Florida on September 21, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge